COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Constantine THOMAS et al., Respondents.

No. 5384.

United States Court of Appeals First Circuit.

Heard Oct. 7, 1958.

Decided Nov. 19, 1958.

Rehearing Denied Dec. 18, 1958.

I. Henry Kutz, Atty., Dept. of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and John J. McGarvey, Attys., Dept. of Justice, Washington, D. C., were on brief, for petitioner.

Charles H. Morin, Boston, Mass., for respondents.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition for review by the Commissioner of Internal Revenue of decisions of the Tax Court of the United States holding that the taxpayers, Constantine and Marie Thomas, were not liable for deficiencies for the years 1945, 1946, 1947 and 1948 and that Constantine Thomas was not liable for deficiencies for the years 1943 and 1944.

This matter was previously before this court upon petition for review filed by the taxpayers and in our opinion, Thomas v. Commissioner of Internal Revenue, 1 Cir., 1956, 232 F.2d 520, the decisions of the Tax Court finding the taxpayers liable for the deficiencies in the above years plus fraud penalties were reversed and the cases were remanded for the admission of further evidence, for findings as to the taxpayers' cash on hand at the commencement and termination of each of the tax years involved, for findings of a likely source of taxable income, and for other proceedings consistent with that opinion. Upon remand the Tax Court, after hearing

additional evidence, held that because the Commissioner's finding of deficiencies was based on increases in the taxpayers' net worth, it was incumbent upon the Commissioner to prove by affirmative evidence a likely source of taxable income to which such net worth increases could be attributed. Following this opinion by the Tax Court, the Supreme Court in United States v. Massei, 1958, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517, held that where all possible sources of nontaxable income were negatived, there would be no necessity for proof of a likely source of taxable income.

■ The Commissioner now contends that the Tax Court committed reversible error in deciding for the taxpayers solely because of the failure of the Commissioner to prove the existence of a likely source of taxable income. There is no question but that the Commissioner is correct in this contention. The taxpayers concede this but maintain that a burden still remains upon the Government to prove that increases in the taxpayers' net worth are attributable to currently taxable income. They further maintain that such burden can only be borne by providing evidence from which it could be inferred that either there exists a likely source of taxable income or that there do not exist any sources of nontaxable income. In the instant case the Commissioner was unable to prove a taxable source of the taxpayers' net worth increases. The taxpayers testified that they had received a large amount of cash as a gift from Mrs. Thomas' father. The Commissioner then presented some evidence which he contended was incompatible with the gift of such a large sum of money to the taxpayers from Mrs. Thomas' father. Due to the Tax Court's reliance upon our previous decision in this matter, it did not make any finding upon remand as to whether the taxpayers' net worth increases were attributable to this nontaxable source claimed by the taxpayers. It is, therefore, necessary for us to remand this case to the Tax Court for a determination by it as to whether the

Commissioner has borne the burden of negativing by a preponderance of evidence that these alleged gifts were the sources of the taxpayers' net worth increases. We do not accept the taxpayers' suggestion that the evidence compels us to make a finding for them on this point. The weight to be given to their evidence turns to a great extent upon the Tax Court's belief in the credibility of their oral testimony and this determination is properly the function of the trier of fact and not of an appellate court.

The decisions of the Tax Court are reversed and the cases are remanded for further proceedings consistent with this opinion.

### On Petition for Rehearing.

#### PER CURIAM.

The taxpayers in this case have petitioned for a further hearing upon certain issues which they feel were left unclear by our opinion of November 19, 1958, or alternatively for clarification of that opinion. For reasons about to be stated the petition will be denied.

■ The taxpayers urged here that they had adduced evidence in the Tax Court which negated all possible sources of taxable income. When we declined to decide this issue, it was on the sole ground that such a "determination is properly the function of the trier of fact and not of an appellate court." There was no implication in this holding how we viewed the evidence, for we refused to weigh it; nor did we dispute that if the taxpayer in a net worth case chooses to assume, and sustains, the burden of negating by a preponderance of the evidence all possible sources of taxable income, he has, of logical necessity, proved the Commissioner to be in error and is entitled to prevail. Cf. United States v. Massei, 1958, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517.

■ In our first opinion in this case, Thomas v. Commissioner of Internal Revenue, 1 Cir., 1956, 232 F.2d 520, we held that the rule of Holland v. United States,

1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, that the Commissioner must prove a likely source of taxable income, was applicable to a civil net worth case. The recent second opinion of this court adhered to the first but reversed because of the qualification required by the intervening decision of the Supreme Court in United States v. Massei, 1958, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517, that the Commissioner, having failed to prove the existence of a likely source of taxable income, might, as a substitute or alternative, prove the nonexistence of all likely sources of nontaxable income. But this burden of negating is not so broad as it sounds, for although this case has been in litigation before the Tax Court and us for five and one-half years, the only source of nontaxable income which the taxpayers have contended accounts for taxpayers' increases in net worth, as we said, was a substantial cash gift from Mrs. Thomas' father. It follows that in this case only that source needs to have been negated. Indeed, we do not expect that our decision will ever require the Commissioner to disprove the entire catalogue of nontaxable receipts, see, e. g., Internal Revenue Code 1954, §§ 101–120, 26 U.S.C.A. §§ 101–120, since the burden of allegation may be separated from the burden of proof. See Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 757, 128 A.L.R. 394, certiorari denied 1940, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415. The Tax Court may require as a rule of procedure that in future cases the taxpayer by reply must join the issues of fact with respect to the nonexistence of a nontaxable source although the burden of proof is upon the Commissioner. See Tax Court Rules 14(b), 15, 26 U.S.C.A. § 7453; cf. Preferred Accident Insurance Co. of New York v. Grasso, 2 Cir., 1951, 186 F.2d 987, 23 A.L.R. 2d 1234; Kahnweiler v. Phenix Insurance Co. of Brooklyn, 8 Cir., 1895, 67 F. 483, certiorari denied 1895, 163 U.S. 691, 16 S.Ct. 1202, 41 L.Ed. 311.

If the Tax Court finds that the Commissioner has sustained the burden of negating by a preponderance of the evidence the alleged gift, it will of course reach other proceedings not inconsistent with our opinions, which it considered unnecessary on the first remand, particularly a finding of the cash on hand at the commencement and termination of each of the tax years involved.

An order will be entered denying the petition for rehearing.