Louis J. FERRIS and Jean H. Ferris, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Louis J. FERRIS, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 277, 278, Dockets 27898–27899.

United States Court of Appeals Second Circuit.

Argued March 27, 1963.

Decided May 20, 1963.

George B. Lourie, Arnold R. Cutler, Daniel D. Levenson, Boston, Mass., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, J. Edward Shillingburg, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before WATERMAN and KAUFMAN, Circuit Judges, and WEINFELD, District Judge.

PER CURIAM.

Petitioners seek review of a decision of the Tax Court assessing deficiencies in income taxes and additions to tax for the years 1944 through 1955. Utilizing stipulated figures, except for opening cash on hand, the Commissioner determined, by the net worth method, that petitioners' unreported adjusted gross income for the years in question totaled $126,073.08. The primary issue in dispute was whether the Commissioner's opening net worth computation correctly reflected no cash on hand, save for that in banks, or whether the taxpayer, Louis Ferris, had in 1944, as he claims, a secret cash hoard of $75,000 derived from a Mexican inheritance. The Tax Court found that no appreciable amount of cash was on hand at the beginning of 1944, and we cannot say that the court's determination in this respect was clearly erroneous.

■ Although petitioners advance numerous grounds for reversal, only one of them merits further discussion in light of the thorough opinion below, T. C. Memo. 1962–94. Petitioners claim that the Tax Court erred in failing to require the respondent to prove a likely source for the alleged unreported income during the taxable years in question. It is well established, however, that the Commissioner may, in proceedings such as these, either prove a source of taxable income or disprove the existence of alleged sources of nontaxable funds. Where, as here, the taxpayer advances as a defense one claim of a nontaxable source, that claim negates other possible nontaxable sources and the Commissioner satisfies his burden when he disproves the existence of the claimed source. United States v. Massei, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517 (1958); Gatling v. Commissioner, 286 F.2d 139, 141 (4 Cir. 1961); Commissioner v. Thomas, 261 F.2d 643, 646 (1 Cir. 1958).

The decision of the Tax Court is affirmed.