George G. HOWARD, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. TH 90–60–C.

United States District Court, S.D. Indiana, Terre Haute Division.

Sept. 11, 1991.

 James E. Sullivan, Terre Haute, Ind., for plaintiff.

Charles J. Cannon, Jonathan Welch, Washington, D.C., for defendant.

JUDGMENT ENTRY

WILLIAM G. HUSSMAN, Jr., United States Magistrate Judge.

This matter is before The Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to consents to Magistrate Judge jurisdiction filed by the parties and the Order of Reference entered by the District Court Judge on July 23, 1991.

The trial of this matter was held on July 25 and 26, 1991, before the Magistrate Judge in Terre Haute, Indiana. The plaintiff was represented by counsel, James E. Sullivan. The defendant was represented by counsel, Charles J. Cannon and Jonathan Welch.

The parties presented opening arguments and evidence. The parties also submitted proposed findings of fact, conclusions of law and post-trial briefs. The Magistrate Judge, having considered the evidence and the briefs of counsel, now enters the following orders:

IT IS ORDERED, ADJUDGED AND DECREED by the Court that judgment is hereby entered for the plaintiff and against the defendant. The defendant is ORDERED to recalculate the plaintiff's Certificate of Assessment for the year 1985 by deleting the sum of Sixty-Thousand Dollars ($60,000.00) from line 1(a) of Joint Exhibit 11; to recalculate adjustment to income, line 1(c), of Joint Exhibit 11 as necessary; and to make all necessary calculations to adjust taxable income, tax payable, alternative tax, self-employment tax, and the negligence and substantial understatement penalties under 26 U.S.C. §§ 6653(a)(1) and (2) and 26 U.S.C. § 6661 consistent with the deletion from income of $60,000.00. This amended assessment shall be filed within thirty (30) days of the date of this Entry. The plaintiff shall take Judgment in the amount calculated by subtracting the new assessment from the amounts previously paid as described in Finding of Fact No. 12 herein. The plaintiff shall be entitled to interest on his overpayment in the amount as required under 28 U.S.C. § 2411 and 26 U.S.C. §§ 6612 and 6621. The parties are ORDERED to brief the issue of whether plaintiff is entitled to reasonable administrative and litigation costs under 26 U.S.C. § 7430. A separate order will issue in that regard.

SO ORDERED.

MEMORANDUM

The Magistrate Judge now makes the following findings of fact and conclusions of law:

*Findings of Fact*

1. The plaintiff, George G. Howard (hereafter "Howard") is a resident of Vermillion County, Indiana, and has made his living as a farmer.

2. Howard graduated from high school in 1932 and was married in 1933.

3. Howard has resided at his current address since 1942.

4. On March 15, 1985, Howard made a cash purchase of a Certificate of Deposit in the amount of $20,000 issued by the Citizens State Bank in Cayuga, Indiana.

5. On April 17, 1985, Howard made a cash purchase of a Certificate of Deposit in the amount of $20,000 issued by the Bank of Western Indiana in Covington, Indiana.

6. On May 16, 1985, Howard made a cash purchase of a Certificate of Deposit in the amount of $20,000 issued by the Fountain Trust Company in Covington, Indiana.

7. On February 17, 1986, Howard filed a federal income tax return for the year 1985 and reported gross income of $4,996.

8. Howard reported a federal income tax liability for the year 1985 in the amount of $57 which amount was paid to the Internal Revenue Service on February 26, 1986.

9. On March 23, 1989, the Internal Revenue Service determined that a deficiency in income tax in the amount of $30,419 for the year 1985 existed with respect to Howard.

10. On March 23, 1989, the Internal Revenue Service issued a Notice of Deficiency to Howard which set forth the following deficiency in tax and additions for the year 1985:

| | |
|---|---|
| Increase in tax: | $30,419.00 |
| Negligence (IRC § 6653(a)(1)): | $ 1,520.95 |
| Substantial understatement (IRC § 6661): | $ 7,605.00 |
| Negligence (IRC § 6653(a)(2)): | 50% of the interest due on $30,419.00. |

11. On May 18, 1989, the Internal Revenue Service made the following assessments with respect to the year 1985 against Howard:

| | |
|---|---|
| Increase tax: | $30,419.00 |
| Substantial understatement: | $ 7,604.75 |
| Negligence: | $ 6,977.54 |
| Interest: | $13,710.86 |

12. That on or about May 18, 1989, the plaintiff paid to the Internal Revenue Service, under protest, the sum of $55,934.84 and on August 17, 1989, the plaintiff filed Form 1040X–Amended U.S. Individual Income Tax Return for the calendar year 1985 requesting a refund of $55,934.84. The Claim For Refund was denied on November 3, 1989.

13. The source of the $60,000 used to purchase the Certificates of Deposit described in paragraphs 5, 6 and 7 above was a $60,000 cash gift given to Howard in 1927.

14. The money received in 1927, in cash, was exchanged during the course of years, and most probably commingled with other cash assets, but was at all times kept in the Howard's home or in the homes of one of his daughters until the purchase of the Certificates of Deposit.

*Conclusions of Law*

■ 1. Bank deposits are *prima facie* evidence of income. *Boyett v. Commissioner,* 204 F.2d 205 (5th Cir.1953); *Hague Estate v. Commissioner,* 132 F.2d 775 (2nd Cir.1943).

■ 2. The general rule is that a presumption of correctness attaches to the Commissioner's deficiency determination, and the taxpayer has the burden of disproving it. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Ruth v. United States,* 823 F.2d 1091, 1094 (7th Cir.1987); *Pfluger v. Commissioner,* 840 F.2d 1379, 1382 (7th Cir.1988).

■ 3. When the taxpayer has the burden of proof, the Commissioner need not prove a likely source of the unreported

income. *Armes v. Commissioner,* 448 F.2d 972 (5th Cir.1971).

4. The Commissioner's determination of a negligence penalty pursuant to Section 6653(a) of the Internal Revenue Code is presumed correct, and the taxpayer bears the burden of disproving it. *Pfluger,* 480 F.2d at 1386; *Salapatas v. Commissioner,* 446 F.2d 79, 82 (7th Cir.1971).

5. The assessment of a negligence penalty is presumed to be correct. The taxpayer has the burden of showing that the assessment is incorrect. *Hall v. Commissioner,* 729 F.2d 632, 635 (9th Cir.1984).

6. The government meets its initial burden of proof in an action to collect tax merely by introducing its deficiency determination. *Anastasato v. Commissioner,* 794 F.2d 884, 887 (3rd Cir.1986); *Zuhone v. Commissioner,* 883 F.2d 1317 (7th Cir. 1989).

7. The taxpayer bears both the burden of production and burden of persuasion where the deficiency notice is not found to be arbitrary or without rational basis. *Ruth,* 823 F.2d at 1093.

8. Where the taxpayer suggests a single non-taxable source of income, the Commissioner is not required to negate other conceivable sources. The Commissioner need only negate the non-taxable source suggested by the taxpayer to sustain his burden of proof. *Commissioner v. Thomas,* 261 F.2d 643, 646 (1st Cir.1958); *Gatling v. Commissioner,* 286 F.2d 139, 144 (4th Cir.1961).

9. A taxpayer is entitled to interest on the overpayment of taxes in compliance with 28 U.S.C. § 2241, 26 U.S.C. §§ 6612 and 6621.

10. A prevailing party may be entitled to reasonable administrative and litigation costs under 26 U.S.C. § 7430.

*Memorandum Decision*

The Court believes that the plaintiff, George G. Howard, has proven by a preponderance of the credible evidence that the $60,000 in cash used in 1985 to purchase Certificates of Deposit in various banks in the area of Clinton and Cayuga, Indiana, came from a cash gift given to him initially by his grandmother in 1927. The preponderance of the credible evidence shows that plaintiff maintained the cash in his home until shortly after the death of his father. The Court finds the plaintiff's statements to be credible because his story stands up to an extremely thorough, professional and competent cross-examination to which he was subjected by defendant's counsel. That counsel raised several inconsistencies which the Court will address briefly.

The first inconsistency which must be discussed is whether the evidence of plaintiff's failure to obtain many thousands (if not millions) of dollars in interest over this period of time is inconsistent with good common sense and therefore renders plaintiff's story incredible. Certainly in the long run and with hindsight, such actions are difficult to explain. However, at the time the money was originally given to the plaintiff by his grandmother, this country was in a time known as "the Depression". Of the many bank failures that occurred in the late 1920's and early 1930's in this country, very many of them would have been in small rural communities. Certainly banks in the area of Cayuga, Indiana, fit that category, and the Court finds no inconsistency in a determination not to deposit the money in a bank from the time of receipt until at least a significant time after the passage of the 1930's. While the plaintiff's failure to place the money in the bank sometime after the 1930's is more difficult for the Court to accept, the plaintiff's testimony that he distrusted banks remains believable to this Court.

The second major area of inconsistency is described as the lifestyle inconsistency. The defendant vigorously argues that the plaintiff's failure to pay for his daughters' weddings, provide more luxurious living accommodations for himself and his wife, and his continued work as a farmer are inconsistent with someone who has a large sum of cash. However, the Court believes the plaintiff's testimony (i.e., that his grandmother told him to use the money only for

dire emergencies) to be truthful. In addition, it must be remembered that the cash was conveyed to the plaintiff when he was the age of 16 and while his parents were reasonably young. The plaintiff was the only child of his parents, lived with them or in very close proximity to them during his entire life, and was in fact their sole source of help in their declining years. Although he would never use the term himself, the Court believes that the plaintiff considered himself to be a "constructive trustee" of these funds. The funds, although received by him, were to be used only in case of dire emergency of he or his parents. Therefore, he did not use the funds until such time as his last remaining parent was deceased (which was in 1985). Neither did he use those funds until all of his father's assets were depleted while plaintiff cared for his parents, nor for himself until all of his own assets would have been exhausted.

Finally, the government has brought forward the argument that neither the plaintiff's daughters nor a housekeeper who was employed there knew of the existence of the money and that, therefore, the plaintiff's story is not believable. However, it is clear that the daughters did know that some cash money was in the home for a period well before 1985. The failure to advise one's children of the existence of cash is not inconsistent with a decision to hold the funds at home and to keep children (and their friends) from increasing the risk of theft. The testimony of Lorretta Frost does not convince this Court that the funds were not in existence at some point in time well prior to 1985. Ms. Frost began work for Howard in April or May, 1985. It is not inconsistent with common sense to take extra precautions in hiding valuables for at least the first few months after hiring a new housekeeper. Ms. Frost's failure to see Plaintiff's Exhibit 14 or any large amounts of cash for some time approximating a year after the commencement of her employment is not inconsistent with the existence of the funds in cash at the time the Certificates of Deposit were purchased.

When viewed in hindsight, plaintiff's actions in maintaining this money can probably best be described as foolish. He took a significant chance of loss through fire or theft. He forfeited many thousands (if not millions) of dollars in interest. Though his actions were foolish, his story is credible, and this Court concludes that he has produced sufficient credible evidence to rebut the presumption which attaches to the defendant's assessment as to the source of the $60,000.

However, the plaintiff has not introduced any evidence which rebuts the presumption of correctness which attaches to the other adjustments to his income tax return for the year 1985. Therefore, this Court concludes that the Certificate of Assessment (Exhibits 10 & 11) should be adjusted only to the extent of the deletion of $60,000 as taxable income. In all other respects, the assessment must be affirmed. There is no showing that the negligence penalty as it pertains to the other adjustments should not be assessed as well. There is no evidence to rebut that presumption brought forward by the plaintiff. Therefore, the Court concludes that the plaintiff is entitled to a refund of taxes which is to be calculated by deleting $60,000 from the sums found at line 1(a) (Adjustments to Income) of Joint Exhibit 11. The defendant is ORDERED to provide the plaintiff with an amended assessment reflecting that change, and to recalculate amounts of tax, penalty for substantial underpayment under § 6661, and the negligence penalties, if any, applicable to the items listed at lines 1(b) and (d) of Joint Exhibit 11.[1] The amended assessment is to be rendered not more than thirty (30) days from the date of entry of this judgment. The plaintiff shall be entitled to such refund as the amended assessment shall show is proper and to such interest as the law allows under 28

1. The Court concludes that a portion of plaintiff's Social Security income became taxable and was included in line 1(c) of Joint Exhibit 11 because of the $60,000 increase in income. It is unclear whether any of that Social Security income will remain taxable as a result of the adjustments to income under lines 1(b) and (d). A portion of that income may be included as an adjustment if the adjustments at lines 1(b) and (d) so require.

U.S.C. § 2241 and 26 U.S.C. §§ 6612 and 6621. The Court also ORDERS the parties at this time to submit trial briefs on the issue of whether the plaintiff is entitled to recover administrative and litigation costs under this set of circumstances and, if so, the amount of such costs that are appropriate. Plaintiff's counsel shall present this information by affidavit within thirty (30) days of the date of receipt of this Entry.

SO ORDERED.