**George G. HOWARD, Plaintiff,**

**v.**

**UNITED STATES of America,
Defendant.**

**No. TH 90–60–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Dec. 3, 1991.

James E. Sullivan, Cox Zwerner Gambill & Sullivan, Terre Haute, Ind., for plaintiff.

Charles J. Cannon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## JUDGMENT ENTRY

WILLIAM G. HUSSMANN, Jr., United States Magistrate Judge.

This matter is before The Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to consents to Magistrate Judge jurisdiction filed by the parties and the Order of Reference entered by the District Court Judge on July 23, 1991.

The trial of this matter was held on July 25 and 26, 1991, before the Magistrate Judge in Terre Haute, Indiana. The plaintiff was represented by counsel, James E. Sullivan. The defendant was represented by counsel, Charles J. Cannon and Jonathan Welch.

The parties presented opening arguments and evidence. The parties also submitted proposed findings of fact, conclusions of law and post-trial briefs. The Magistrate Judge, having considered the evidence and the briefs of counsel, entered an Order[1] dated September 11, 1991, 779 F.Supp. 432. Upon request of the United States, and with the consent of the plaintiff, the September 11, 1991 Order is AMENDED solely to reflect the proper calculation of the refund due plaintiff after a new tax assessment for the year 1985 was completed. In all other respects, the Order of September 11, 1991, is hereby AFFIRMED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff has overpaid his 1985 income tax in the amount of $27,739.00, and that he has paid additional penalty in the amount of $13,957.20 and additionally overpaid interest in the amount of $9,923.92, for a total overpayment in the amount of $51,620.12. (Said overpayment is as has been calculated by the Internal Revenue Service in accordance with the Order of this Court entered September 11, 1991, which concluded that a certain portion of the interest and the negligence and substantial underpayment penalties under 26 U.S.C. §§ 6653 and 6661 had been erroneously assessed.)

IT IS FURTHER ORDERED that the plaintiff shall be entitled to interest on all overpaid amounts as provided by law.

The plaintiff's request for payment of administrative and litigation costs is DENIED.

This judgment shall constitute a final order.

SO ORDERED.

## MEMORANDUM

This Court's Order of September 11, 1991, required the defendant to recalculate the plaintiff's 1985 income tax liability and to calculate the proper amounts for overpayment of taxes and overpayment of penalties and interest under 26 U.S.C. §§ 6653 and 6661. The defendant has tendered a proposed entry of judgment. The plaintiff filed a letter in response detailing the amounts overpaid by category. It appears that the parties are in agreement concerning the overpaid amounts, and the Court

---

**1.** Although the September 11, 1991 Order was captioned as a "Judgment Entry", it should have properly been captioned as an "Order". This judgment is entered by the Court to be the final appealable decision in this case.

has entered judgment based on that agreement.

The remaining issue from the September 11, 1991 Order is whether the plaintiff is entitled to an award for administrative and litigation costs pursuant to 26 U.S.C. § 7430.

■ Section 7430 provides that in any administrative or court proceeding which is brought by or against the United States in connection with the refund of any tax, interest or penalty, a prevailing party may be awarded a judgment for reasonable administrative costs and reasonable litigation costs.

■ The threshold issue is whether the plaintiff in this case is a prevailing party. Subsection 7430(c)(4) defines the term prevailing party. A prevailing party is one who establishes that the position of the United States in the proceeding was not substantially justified. In addition, the prevailing party must substantially prevail with respect to the amount in controversy or on the most significant issue or set of issues presented. Finally, the prevailing party must meet certain net worth standards.[2]

■ The burden of proof under § 7430 is upon the taxpayer to prove that the position of the United States was not substantially justified. *Harrison v. Commissioner*, 854 F.2d 263 (7th Cir.1988). This requirement is in contrast to cases under the Equal Access to Justice Act, 28 U.S.C. § 2412, where the burden of proof is upon the United States to prove that its position was substantially justified.

The Court has not found a Seventh Circuit precedent which specifically addresses the term "substantially justified" as that term appears in § 7430. In a recent decision in *Creske v. Commissioner of Internal Revenue*, 946 F.2d 43 (7th Cir.1991), the Seventh Circuit did affirm the Tax Court's denial of litigation expenses in circumstances similar to this case. In *Creske*,

William Creske failed to report as income some $60,000 received from a family corporation. The corporation deducted these payments from its own income as compensation to William. Only one of these two tax treatments could be correct. At trial, William and his father testified that the sums were payments on notes that the corporation had issued, so that payment was not an expense of the corporation. The error was in the corporation's tax returns rather than William's. The Tax Court in *Creske* believed this oral explanation over the written income tax return documentation. The Tax Court concluded that the position of the United States which challenged the treatment of the notes was not unreasonable. The Seventh Circuit seems to equate the terms "unreasonable" and "not substantially justified" in this particular case.

■ This Court concludes that the Seventh Circuit would require in cases under 26 U.S.C. § 7430 the same standard for the term "substantially justified" as the term appears in the Equal Access to Justice Act cases. To be substantially justified, there must be "a reasonable basis in law and fact." *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir.1987). In this case, the defendant clearly had a reasonable basis in law for its position. This Court concludes that the defendant also had a reasonable basis in the facts of this case. In the case at bar, this Court was faced with oral testimony from the plaintiff that he received $60,000 in cash in 1927 from his grandmother. His testimony was that he maintained this cash in his home, occasionally trading in the bills for new bills, until after the death of his father in 1985. At that time, he used the cash to purchase certificates of deposit in local banks. The defendant in this case properly relied on the fact that bank deposits are *prima facie* evidence of income. *Boyett v. Commissioner*, 204 F.2d 205 (5th Cir.1953). The defendant felt that the story was in-

---

**2.** Defendant does not contend that the plaintiff's net worth exceeds the amount found at 28 U.S.C. § 2412(d)(2)(B). In the absence of evidence, the Court is unable to determine from the brief description of the plaintiff's assets at trial that his net worth exceeds the statutory amount.

credible. This Court, after hearing the matter, concluded that, although the plaintiff's actions were foolish, nevertheless his testimony was true.

The plaintiff argues in his brief that the defendant's revenue agent failed to have a reasonable basis in fact because he failed to perform a reasonable investigation. The investigation was unreasonable because the agent failed to talk with members of the taxpayer's family or the taxpayer's attorney and accountant. However, the testimony before the Court, and an affidavit filed by the plaintiff in support of his claim for administrative and litigation costs, does establish that the agent did meet with the plaintiff on three separate occasions concerning the money. The evidence before the Court in the form of testimony from attorney Joseph Beardsley indicated that Beardsley, the plaintiff's accountant and two representatives from the Internal Revenue Service did meet at the plaintiff's house on at least one occasion. In addition, the defendant did make a significant investigation concerning the source of the funds for the certificates of deposit from the banks involved.

Therefore, the Court concludes that although the investigation could have been more thorough, the defendant's actions were not unreasonable in the extent of its examination. This Court concludes, as did the Tax Court in *Creske,* that preferring an oral explanation over the documentary presumption does not mean that the position on the side relying on the documentary presumption was unreasonable. Because this Court concludes that the position of the defendant was substantially justified, this Court need not address the other issues raised by the defendant. Therefore, the Court concludes that plaintiff has not carried his burden of showing that the position of the United States in this proceeding was not substantially justified. The plaintiff is not, therefore, a prevailing party as that term is defined under 26 U.S.C. § 7430. The plaintiff's claim for administrative and litigation costs is DENIED.