**UNITED STATES of America, Plaintiff,**

v.

**Barry J. HODGEKINS, Defendant.**

**No. S91–530M.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 24, 1993.

Douglas Snoeyenbos, Peter Sklarew, Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Stephen A. Seall, Gerald F. Lutkus, South Bend, IN, for defendant.

### MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the government's motion to vacate the judgment, the defendant's motion for attorney fees, and the defendant's motion to strike footnote one of the government's reply memorandum. The court assumes familiarity with the facts, *see United States v. Hodgekins*, 805 F.Supp. 653 (N.D.Ind.1992), and addresses each motion in turn.

### I.

■ On August 11, 1992, the court granted defendant Barry Hodgekins' summary judgment motion. *United States v. Hodgekins*, 805 F.Supp. 653. Pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, the government moves to vacate that judgment in light of newly discovered evidence. A judgment will be vacated on the basis of newly discovered evidence where (1) the evidence was in existence at the time of the summary judgment motion, (2) the failure to produce the evidence was not caused by the movant's lack of due diligence, and (3) the evidence is likely to change the outcome. *West v. Love*, 776 F.2d 170, 176 (7th Cir. 1985); *Peacock v. Board of School Commissioners of Indianapolis*, 721 F.2d 210, 213–14 (7th Cir.1983); *United States v. Walus*, 616 F.2d 283, 287–88 (7th Cir.1980).

The government contends that newly discovered evidence—Mr. Hodgekins' counsels' billing entries—establishes that (1) Mr. Hodgekins deliberately delayed filing his summary judgment motion with the intention of assuring that once his interpretation of Form 2751 was disclosed, it would be too late for the government to respond; (2) Mr. Hodgekins expected that his "carefully drafted answer" would not undermine his strategy of delay; and (3) Mr. Hodgekins' counsel did not originally view Form 2751 as an affirmative defense until they performed legal research. Based upon this newly discovered evidence, the government argues that Mr. Hodgekins should have been estopped from raising the statute of limitations as an affirmative defense, or that he should have been deemed to have waived the defense. The government's motion must be denied because the government has not demonstrated that the newly discovered evidence will likely produce a different result.

### A.

■ For its estoppel argument to succeed, the government must show that (1) there was a false representation or wrongful silence, (2) any error originated in a statement of fact, not law, (3) it was ignorant of the true facts, and (4) it was adversely affected by Mr. Hodgekins' statements or acts. *Combs v. United States*, 790 F.Supp. 850, 852 (S.D.Ind. 1992).

■ There was no false representation or wrongful silence by Mr. Hodgekins. At all times, Mr. Hodgekins informed the government that he intended to rely on the statute of limitations as an affirmative defense. He included the defense in his answer and in the parties' joint status report (prepared in the

government's office). Mr. Hodgekins' counsel recalls a conversation with the government's counsel in which it was noted that Mr. Hodgekins was serious about asserting the limitations defense. *United States v. Hodgekins*, 805 F.Supp. at 659. Although the government's counsel recalls no such conversation, Mr. Hodgekins' counsel sent the government a letter noting the conditional waiver. *Id.* Thus, even if Mr. Hodgekins' "carefully drafted" answer was not sufficient to apprise the government of the statute of limitations as a potential defense, there were at least two other occasions in which Mr. Hodgekins informed the government that he intended to assert such a defense.

The government also argues that a party cannot stand silent while the other party fails to perform a condition of their agreement, citing *Barton v. Chemical Bank*, 577 F.2d 1329, 1337 (5th Cir.1978). Mr. Hodgekins did not stand silent; he informed the government four times that it was breaching the terms of their agreement. The import of the government's position is that Mr. Hodgekins must provide the government with the fruits of his legal research, a proposition for which the government cites no authority.

Moreover, any error originated in the parties' interpretation of the law, not the facts. The government argues that Mr. Hodgekins initially viewed Form 2751 as a settlement until, "as a result of legal research", he determined that the form also could provide a defense. Therefore, the government contends, Mr. Hodgekins should be estopped "because his counsel knew that making the connection between the Form 2751 and the 'statute of limitations' defense would not be immediately apparent even to experienced tax attorneys."

Presumably, the government had similar resources and ability to perform legal research. Instead of performing such research, the government assumed that Mr. Hodgekins' statute of limitations defense was meritless. For example, the government states that most taxpayers' attorneys include a statute of limitations defense in suits similar to this one, but a quick review of the file reveals that the government can safely ignore the defense. The government reviewed Mr. Hodgekins' answer and affirmative defenses, and considered his statute of limitations defense to be without merit. At bottom, the government is arguing that Mr. Hodgekins failed to alert the government of his interpretation of Form 2751, and therefore Mr. Hodgekins should be estopped from raising such a defense. The government has cited no authority for the proposition that one party must inform the other that his affirmative defense truly has merit, *cf.* Fed. R.Civ.P. 11, or inform the other party of the legal basis for his defense. Mr. Hodgekins did not misrepresent any fact to the government.

To succeed, the government also must show that it was ignorant of the true facts. The government had knowledge of all relevant facts. All the documents that formed the basis of Mr. Hodgekins' defense—Form 2750, Form 2751, and an accompanying cover letter from the IRS—were drafted by the government, and were in the government's possession. Thus, the factual basis for Mr. Hodgekins' claim was equally before both parties.

Nor was the government adversely affected by Mr. Hodgekins' statements or acts. The government had the same documents as Mr. Hodgekins, and reviewed Mr. Hodgekins' answer and affirmative defenses. The government concluded that Mr. Hodgekins' statute of limitations defense had no merit. Mr. Hodgekins did not say or do anything that required the government to arrive at this conclusion. The government has not demonstrated, even with its newly discovered evidence, that Mr. Hodgekins should have been estopped from asserting the statute of limitations as an affirmative defense.

### B.

The government also contends that Mr. Hodgekins' reasons for failing to join the government in a motion to consolidate his case with *Barnhill v. United States v. Security Pacific Credit, Inc.,* Cause No. S89–286, 1992 WL 453880 (N.D.Ind.), were pretextual. Thus, the government argues that Mr. Hodgekins should be deemed to have waived his right to be joined in the *Barnhill* case, and also to have waived his right to raise the

statute of limitations as an affirmative defense. The universally accepted definition of waiver is a voluntary and intentional relinquishment of a known right. *Vershaw v. Northwestern Nat'l Life Ins. Co.*, 979 F.2d 557, 560 (7th Cir.1992); *Heller Int'l Corp. v. Sharp*, 974 F.2d 850, 861–62 (7th Cir.1992). The government has not presented any new evidence establishing that Mr. Hodgekins voluntarily or intentionally relinquished his right to assert the statute of limitations as an affirmative defense.

As stated previously, "[a]lthough [Mr. Hodgekins] refused to consolidate this case with *Barnhill*, he was asked to do so long after the deadline for amendments in *Barnhill*." 805 F.Supp. at 659. Moreover, nothing prevented the government from filing a motion to consolidate the cases without Mr. Hodgekins joining the government in the motion. Mr. Hodgekins' failure to join the government's motion to consolidate his case with the *Barnhill* case did not result in Mr. Hodgekins waiving the statute of limitations as an affirmative defense.

Accordingly, the government's motion to vacate the judgment must be denied.

## II.

■ Mr. Hodgekins seeks $29,475.00 in attorney fees and costs pursuant to 26 U.S.C. § 7430. A taxpayer is eligible for an award of reasonable attorney fees and costs under § 7430 where the taxpayer is the prevailing party and has exhausted his administrative remedies. *Kenagy v. United States*, 942 F.2d 459, 463 (8th Cir.1991). The requirement that Mr. Hodgekins exhaust his administrative remedies does not apply; the government commenced this litigation. Therefore, the sole question becomes whether Mr. Hodgekins is a prevailing party as defined in 26 U.S.C. § 7430(c)(4).

■ A prevailing party is one that (1) proves that the position taken by the government was not substantially justified; (2) sub-

stantially prevails as to the amount or most significant issue in controversy; and (3) meets certain financial requirements listed in 28 U.S.C. § 2412(d)(2)(B). 26 U.S.C. § 7430(c)(4); *Kenagy v. United States*, 942 F.2d at 463; *Howard v. United States*, 779 F.Supp. 429, 431 (S.D.Ind.1991). The government concedes that Mr. Hodgekins has prevailed as to the most significant issue in controversy, and Mr. Hodgekins has filed an affidavit establishing that he meets the financial requirements listed in 28 U.S.C. § 2412(d)(2)(B).

■ Thus, the remaining issue is whether the government's position was substantially justified. The government's position is substantially justified if a "reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Young v. Sullivan*, 972 F.2d 830, 835 (7th Cir.1992) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988)) [1]; *Hanson v. Commissioner*, 975 F.2d 1150, 1153 (5th Cir.1992); *Howard v. United States*, 779 F.Supp. at 431. That the government lost the underlying litigation does not compel an award of costs, but the lawsuit's outcome is a factor to be considered. *Hanson v. Commissioner*, 975 F.2d at 1153; *Heasley v. Commissioner*, 967 F.2d 116, 120 (5th Cir.1992). The government's position may be unreasonable if it failed to investigate its case adequately. *Kenagy v. United States*, 942 F.2d at 464; *United States v. Estridge*, 797 F.2d 1454, 1457–58 (8th Cir.1986).

■ Under 26 U.S.C. § 7430, Mr. Hodgekins has the burden of proving that the government's position was not substantially justified. *Creske v. Commissioner*, 896 F.2d 250, 251 (7th Cir.1990); *Harrison v. Commissioner*, 854 F.2d 263 (7th Cir.1988), *cert. denied*, 489 U.S. 1053, 109 S.Ct. 1313, 103 L.Ed.2d 582 (1989); *Howard v. United States*, 779 F.Supp. at 431; *Smith v. United States*, 735 F.Supp. 1396, 1402 (C.D.Ill.1990).

---

1. *Young v. Sullivan* interpreted the phrase "substantially justified" as found in the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Congress copied the "substantially justified" standard in 26 U.S.C. § 7430 from the EAJA provisions. Thus, where the wording is consistent, courts have read the EAJA and § 7430 in harmony. *Kenagy v. United States*, 942 F.2d at 464; *In re Arthur Andersen & Co.*, 832 F.2d 1057, 1060 (8th Cir.1987); *United States v. Balanced Financial Mgmt., Inc.*, 769 F.2d 1440, 1451 n. 12 (10th Cir.1985).

The requirement that the taxpayer bears the burden of proof under § 7430 is in contrast to cases under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, where the burden of proof is upon the government to prove that its position was substantially justified. *Howard v. United States,* 779 F.Supp. at 431; *Smith v. United States,* 735 F.Supp. at 1402. Whether the government's position is substantially justified is left to the trial court's discretion, *Young v. Sullivan,* 972 F.2d at 835; *Zinniel v. Commissioner,* 883 F.2d 1350, 1355 (7th Cir.1989), *cert. denied,* 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990), and even if the government's position was not substantially justified, 26 U.S.C. § 7430 authorizes, rather than commands, the court to award reasonable litigation costs. *Zinniel v. Commissioner,* 883 F.2d at 1355.

### A.

■ The government contends that its position was substantially justified because Mr. Hodgekins' counsels' billing entries reveal that counsel initially viewed Form 2751 as a settlement, not as a waiver of the statute of limitations. However, Mr. Hodgekins' counsels' subjective belief (recorded by billing entries) as to the nature of Form 2751 could not have been the basis for the government's substantial justification in bringing this action.

Next, the government argues that the facts in this case were objectively unlike any other case where statute of limitation waivers were restricted or conditioned by accompanying documents. The government claims that in all the cases relied upon by the court, the taxpayer prepared the accompanying document that conditioned or restricted the statute of limitation waiver, but in the instant case the government prepared the accompanying document.

Although the present case may be factually distinguishable, the general principle of law applicable to the facts was well established: accompanying documents condition or modify the taxpayer's waiver of the statute of limita-

tions. *See Neilson v. Harrison,* 131 F.2d 205 (7th Cir.1942); *Windfall Grain Co. v. Commissioner,* 23 B.T.A. 725, 1931 WL 112 (1931), *acq.,* X–2C.B.77; *Smith v. Commissioner,* T.C.Memo. 1989–87, 1989 WL 15752. Here, the government (1) drafted Form 2751; (2) required that Mr. Hodgekins execute Form 2751; (3) refused to modify the form; (4) accepted Form 2751 with Form 2750; and (5) confirmed in a letter to Mr. Hodgekins that the government had approved closing the case against him, subject to reopening pursuant to Form 2751. Yet, the government argues that Form 2751 was ineffective and did not condition the waiver in Form 2750 because the courts have held that only taxpayer-generated documents can condition a waiver. The government's argument was without merit. The foregoing cases held that the taxpayer and the government must reach an agreement in order to restrict or condition a waiver of the statute of limitations. *United States v. Hodgekins,* 805 F.Supp. at 661–62. The basis for such an agreement is greater when the government prepares the accompanying document, refuses to modify the document, requires execution of the document, and confirms approval of the document, than when the taxpayer unilaterally sends his or her own accompanying document to the IRS with the waiver of limitations.

The government also contends that *Schulman v. Commissioner,* 93 T.C. 623, 1989 WL 143139 (1989), demonstrates that the government's position was substantially justified. The argument that *Schulman* undergirded the bringing of this action would be stronger had the government cited *Schulman* in its response to Mr. Hodgekins' summary judgment motion. The government did not cite *Schulman* until it attempted to file a surreply, which the court did not consider.[2] Moreover, the government's reliance on *Schulman* is misplaced. In *Schulman,* the government's letter did not intend to restrict or limit the terms of the waiver. 93 T.C. at 641. Here, Form 2751 explicitly conditioned the terms of the waiver. In *Schulman,* "most telling" was the taxpayer's failure to

---

**2.** The government also claims that it referred to *Schulman* at oral argument on the summary judgment motion.

modify the language on the consent or agreement. 93 T.C. at 642. Mr. Hodgekins tried to modify the language in Form 2751, but the government refused to acquiesce. In *Schulman*, the petitioner signed an agreement that, without conditions or restrictions, waived defenses for "any Federal Income tax" due for taxable year 1979. 93 T.C. at 641. Mr. Hodgekins did not sign any such similar form. In *Schulman*, the court held that there must be communication and agreement of the terms between the parties. 93 T.C. at 641. Here, the parties communicated and agreed that Form 2751 conditioned Mr. Hodgekins' waiver of the limitations period.

Finally, the government maintains that its interpretation of Form 2751 was "substantially justified". The court found that the government's interpretation was internally inconsistent in that the government argued for a literal construction of certain words in Form 2751, and a non-literal construction of other words. The government now contends that the court misinterpreted the its earlier argument. The government claims that what it really argued was "that the final clause [of Form 2751] was 'meaningless' such that it might be stricken, and further argued that the word 'implead,' while probably close to the mark, would still be incorrect."

The government presents no authority for the novel principle of statutory or contractual interpretation that a court should strike a clause that the drafter later determines is meaningless. Cf. *Barker v. Chesapeake & Ohio R.R.*, 959 F.2d 1361, 1367 (6th Cir.) (court is to give effect to each word in interpreting statute), *cert. denied*, —— U.S. ——, 113 S.Ct. 603, 121 L.Ed.2d 539 (1992); *In re Kitchin Equipment of Virginia, Inc.*, 960 F.2d 1242, 1247 (4th Cir.1992) (same); *Lulich v. Sherwin–Williams Co.*, 799 F.Supp. 64, 67 (N.D.Ill.1992) ("An interpretation of a contract that gives reasonable meaning to all its terms is preferred to an interpretation that leaves some terms to no effect."); *Brodheim v. Rowland*, 783 F.Supp. 1245, 1250 n. 1 (N.D.Cal.1991) (significance is to be attached to every word, phrase, and sentence of statute, and court should avoid constructions which render phrases of statute meaningless); *Cagan v. Intervest Midwest Real Es-*

*tate Corp.*, 774 F.Supp. 1089, 1097 n. 9 (N.D.Ill.1991) (agreement will not be read in a fashion that renders one of its provisions totally without meaning).

Nor does the government present any authority suggesting that where the drafter uses imprecise and incorrect language, the court should enforce that language in accord with the drafter's intent. Cf. *McGregor v. Board of Commissioners of Palm Beach County*, 956 F.2d 1017, 1021 (11th Cir.1992) (errors in drafting must be construed against party drafting document); *Thompson v. Amoco Oil Co.*, 903 F.2d 1118, 1121 n. 3 (7th Cir.1990) (canon of construction that contracts be construed against drafter); *Tate v. Trialco Scrap, Inc.*, 745 F.Supp. 458, 467 (M.D.Tenn.1989) (contracts are to be construed against drafter when there is some question about its proper construction), *aff'd*, 908 F.2d 974 (6th Cir.1990).

The government's position in this case was not substantially justified, and therefore the government must pay Mr. Hodgekins a reasonable attorney fee.

### B.

Mr. Hodgekins seeks an award of $29,475.00, but Mr. Hodgekins has paid only $2,500.00 of this amount. His insurance company paid the rest. Thus, the government contends that Mr. Hodgekins is only entitled to an award of $2,500.00.

In *S.E.C. v. Comserv Corp.*, 908 F.2d 1407 (8th Cir.1990), the Securities and Exchange Commission ("SEC") brought suit against, among others, a corporate officer. The SEC lost at trial, and the defendant officer subsequently moved for attorney fees under the EAJA. The defendant's attorney fees were covered by an insurance policy, and were paid by the insurance company. The court of appeals held that the defendant had not "incurred" any attorney fees because his defense costs were covered by his company's insurance policy and paid by the insurer. 908 F.2d at 1416. The court noted that the defendant had never paid any attorney fees; thus, to hold that the defendant had incurred such fees would be to "turn the word upside down." 908 F.2d at 1414–15.

Mr. Hodgekins argues that *Comserv* is irrelevant in that it was decided under the EAJA, while this case arises under 26 U.S.C. § 7430. As noted before, however, where the wording is consistent, courts have read the EAJA and § 7430 in harmony. *Kenagy v. United States,* 942 F.2d at 464; *In re Arthur Andersen & Co.,* 832 F.2d 1057, 1060 (8th Cir.1987); *United States v. Balanced Financial Mgmt., Inc.,* 769 F.2d 1440, 1451 n. 12 (10th Cir.1985). Mr. Hodgekins presents no reason why the word "incurred" as found in § 7430 should be interpreted differently from the word "incurred" in the EAJA.

Mr. Hodgekins also states that his insurance company is reviewing the policy to determine whether he is entitled to coverage in the first instance. He contends that the court should award him the full $29,475.00 just in case the insurance company later decides to seek reimbursement from him. The court disagrees. An award of $29,475.00 to Mr. Hodgekins would amount to his receipt of a $27,000.00 windfall. One purpose of these fee shifting statutes is to diminish the deterrent effect of defending against unreasonable government action. *S.E.C. v. Comserv Corp.,* 908 F.2d at 1415 (interpreting the EAJA). By awarding Mr. Hodgekins $2,500.00, this purpose is realized, and Mr. Hodgekins is made whole.

Accordingly, Mr. Hodgekins is entitled to an award of $2,500.00 in attorney fees.

### III.

Mr. Hodgekins moves to strike footnote one of the government's reply memorandum in support of its motion to vacate. Footnote one of the government's reply concerned Mr. Hodgekins' motion for attorney fees, not the government's motion to vacate. Mr. Hodgekins contends that the government is trying once again to get in the last word. The government claims that footnote one was in response to inadmissible evidence introduced in Mr. Hodgekins' motion for attorney fees. The court believes that it can adequately determine the propriety of any new argument raised in the footnote, or new evidence introduced in a reply brief. The plaintiff's motion to strike footnote one is denied.

### IV.

In conclusion, the court:

(1) DENIES the government's motion to vacate the judgment;

(2) GRANTS IN PART the defendant's motion for attorney fees, and awards the defendant $2,500.00 in attorney fees; and

(3) DENIES the defendant's motion to strike footnote one.

SO ORDERED.