**Johnny L. PETERSON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 1:84–CV–1460–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 20, 1988.

Gary Flack, Atlanta, Ga., for plaintiff.

Sharon Douglas Stokes, Office of U.S. Atty., Atlanta, Ga., for defendant.

ORDER

FORRESTER, District Judge.

This matter is before the court on the report and recommendation of the magistrate which recommends that plaintiff's request for attorney's fees be granted in part and denied in part. Both plaintiff and the Secretary of Health and Human Services have objected to this recommendation. The court is thus obliged to conduct a *de novo* review into this matter. 28 U.S.C. § 636(b)(1).

I. HISTORY OF THE CASE.

This action for supplemental security disability income began at the administrative level in March of 1983. Following the Secretary's decision to deny plaintiff's application, the instant civil action was filed in July of 1984. In June of 1985, this court, after *de novo* review, adopted the recommendation of the magistrate and affirmed the Secretary's decision. In June of 1986, however, the Eleventh Circuit Court of Appeals ordered the case remanded to the Secretary for further proceedings, finding that the Secretary had employed incorrect legal standards when he failed to consider all of plaintiff's impairments in deciding whether they met or equaled the listings. Following remand, the Secretary issued a decision favorable to plaintiff. By order entered November 10, 1987, this court affirmed the Secretary's decision subsequent to remand and this action was dismissed.

On December 17, 1987, plaintiff submitted the instant application for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff seeks a total award of

---

1. Plaintiff's application was also made pursuant to § 406(b)(1) of the Social Security Act. As

$10,873.37 which breaks down as follows: (1) costs in the amount of $90.20 and (2) fees in the amount of $10,783.17, or 116.6 hours at $92.48 per hour. By his April 20, 1988 report and recommendation, the magistrate recommended that plaintiff's request be granted and that he be awarded his costs, $90.20, and attorney's fees in the amount of $8,145.00, calculated as 108.6[2] hours at $75.00 per hour. Plaintiff has objected, however, to the magistrate's recommendation that plaintiff's attorney's fees be calculated at a rate of $75 per hour rather than $92.48 per hour. The Secretary has objected to the magistrate's recommendation that fees be awarded in any amount.

## II. DISCUSSION.

### A. *Whether Plaintiff is Entitled to an Award of Attorney's Fees.*

■ As noted by the magistrate, the Secretary contends that plaintiff is not entitled to attorney's fees because the Secretary's original decision was "substantially justified." In this regard, § 2412(d)(1)(A) of the EAJA provides,

A court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In interpreting the "substantial justification" standard, the Eleventh Circuit has stated,

The standard ... is one of reasonableness. The [Secretary] must show "that [his] case had a reasonable basis both in law and in fact." H.R.Rep. No. 1418 at 10, U.S.Code Cong. & Ad.News 1980 at 4989, S.Rep. No. 253 at 6. Because Con-

gress in 1980 rejected a standard of "reasonably justified" and selected "substantially justified," the test is actually more than mere reasonableness. (Citations omitted).

*Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1497 (11th Cir.1986). This involves not only the Secretary's litigating position, but the underlying agency action as well. *Id.*

The Secretary's first argument is that his original decision was substantially justified because the court of appeals remanded the case only after a change in the substantive law relating to the proper evaluation of impairments in combination. The Secretary asserts that "the recently enacted Social Security Disability Benefits Reform Act of 1984 amended two pertinent sections of the Social Security Act and changed the standard, now requiring the Secretary to consider the combined effect of all of the individual's impairments without regard to whether such impairments, if considered separately, would be considered severe." Response at 9. As noted by the magistrate, however, this same argument has been considered and rejected by the Eleventh Circuit, since "this circuit [has] long required the Secretary to consider impairments in combination." *Hudson v. Secretary of Health and Human Services,* 839 F.2d 1453, 1457 (11th Cir.1988). The Secretary, recognizing that *Hudson* is dispositive of this aspect of his argument, "requests that the district court withhold applying the mandate in *Hudson*" pending en banc review of that decision. The Secretary's request for en banc review has since been denied, however, and thus *Hudson* continues to control. *Hudson v. Secretary of Health and Human Services,* 849 F.2d 1480 (11th Cir.1988).

The Secretary's second argument is that his original decision was substantially justified since his subsequent decision was based on new evidence previously unavail-

noted by the magistrate, however, § 406 applies only to cases under Title II of the Social Security Act. *See Bowen v. Galbreath,* —— U.S. ——, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988). Plaintiff applied for and was awarded benefits under Title 16.

2. Plaintiff has not objected to the magistrate's recommendation that the amount of billable hours claimed be reduced from 116.6 to 108.6. Accordingly, this aspect of the magistrate's recommendation is received with approval and adopted as the opinion and order of the court.

able. The magistrate rejected this argument, finding that the evidence available to the Secretary at the time of its original decision was more than sufficient to support the plaintiff's application for supplemental benefits and that his original decision was therefore not substantially justified regardless of the existence of any new evidence.[3] For this reason, and because the court finds that this "new evidence" was not previously unavailable, the court rejects the Secretary's second argument as well.

The "new evidence" relied upon by the Secretary is a consultive report prepared by a Dr. Baird Hudgins in December of 1981. While this report was apparently not included in the record filed with the Secretary's answer, it appears that it was made available to the original Administrative Law Judge in 1983. It appears further that Dr. Hudgins' report was incorporated in the record some four years ago without objection. The court agrees with plaintiff that "if the Secretary truly regarded this evidence as new or material ... [he] should have moved to remand the case...." Response at 3.

In sum, the Secretary's objections to the magistrate's report and recommendation are overruled. On the basis of *Hudson v. Secretary of Health and Human Services*, 839 F.2d 1453, *rehearing denied*, 849 F.2d 1480 (11th Cir.1988), the court rejects the Secretary's argument regarding recent amendments to the Social Security Act. Because the court finds that the Secretary's subsequent decision in plaintiff's favor was based on substantially the same objective medical evidence available to the

Secretary in 1983, the Secretary's "new evidence" argument is rejected as well.

### B. *Whether Plaintiff is Entitled to Attorney's Fees at the Rate of $92.48 per hour.*

Having determined that plaintiff has demonstrated his entitlement to an award of attorney's fees, the court must now determine the appropriate rate. Consideration of this issue necessarily begins with the language of § 2412(d)(2)(A) of the EAJA. This subsection provides in relevant part

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Thus, an applicant seeking an award of attorney's fees in excess of $75 per hour has the burden of demonstrating to the court's satisfaction that (1) the fee sought is consistent with prevailing market rates for the kind and quality of the legal services furnished, *and* (2) some special factor such as an increase in the cost of living justifies the award of a fee in excess of the statutory cap. *See Hirschey v. Federal Energy Regulatory Commission*, 777 F.2d 1, 5 (D.C.Cir.1985); *Baker v. Secretary of Health and Human Services*, 839 F.2d 1075, 1084 (5th Cir.1988). The court will address these factors in turn.

---

**3.** Specifically, the magistrate noted,

At the 1987 hearing, a medical advisor examined the old medical records and testified. His testimony confirmed that in 1983, 1982, and even 1980, plaintiff's diabetes was a severe impairment. In fact, the medical advisor indicated that the plaintiff suffered from diabetes with a neuropathy as early as 1980. The medical advisor indicated that based on the medical evidence that was available at the 1983 hearing, the plaintiff's condition met the Secretary's listings as of July 19, 1982, and approached the severity of the listings in 1980. The medical evidence did not change as to

plaintiff's condition, and new evidence of plaintiff's early condition was not discovered. Rather, the Secretary understood the significance of the new evidence in 1987, as a result of the medical advisor's testimony. The final decision of the Secretary in 1987 was that plaintiff's condition met the Secretary's listings in 1982. This decision, on substantially the same objective medical evidence, indicates that the 1983 decision that the claimant's diabetes was "non-severe" was unreasonable, and not reasonably based on the factual record. Report and Recommendation at 4–5.

### 1. Market Rates.

In an effort to demonstrate that the $92.48 hourly rate sought is consistent with prevailing rates in the Atlanta metropolitan area, plaintiff first asserts that his attorney's normal hourly rate for social security cases is $125 per hour. Reply at 8. Counsel for plaintiff states, "I am sufficiently familiar with the ordinary and customary rates of the billing and compensation of attorneys in the Atlanta metropolitan area to know that the market value of the services of an attorney of my background and experience [4] is considerably greater than the maximum compensation of $75 per hour. My normal hourly billing rate for social security cases is $125 per hour." Flack Aff't, ¶ 5. Plaintiff also provides the court with the results of a 1983 Atlanta Bar Association survey of 1981 billing rates in the Atlanta metropolitan area. Reply, exhibit A. This survey shows that in 1981, seventy-six percent of Atlanta area attorneys billed at hourly rates in excess of $75, the majority of which billed at hourly rates of between $76 and $124.00. *Id.* This is insufficient. First, satisfactory evidence of prevailing market rates at a minimum is more than the affidavit of the attorney performing the work. *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). Second, since the survey evidence submitted by plaintiff is not limited to social security cases and fails to account for such variables as experience, it is likewise unsatisfactory evidence of market rate. "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in *similar* lawsuits (emphasis supplied)." *Norman* at 1299.

Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Id.* *See also National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1324–27 (D.C.Cir. 1982) (factual showing necessary to show prevailing market rate).

### 2. Cost of Living.

Plaintiff calculates his proposed cost of living adjustment [5] by applying a formula incorporating the Consumer Price Index, published by the Bureau of Labor Statistics. Plaintiff's exhibit A. Application of this 23.3% adjustment to the $75 per hour statutory cap results in an adjusted maximum hourly rate of $92.48. The court finds this to be competent evidence of an increase in the cost of living on a nationwide scale since October of 1981, particularly since the 23.3% figure provided by the Bureau of Labor Statistics was expressly made applicable to "all urban consumers" on a "U.S. city average." *Id.* The court believes, however, that the proper adjust-

---

**4.** Counsel for plaintiff has handled social security cases since July of 1971. Flack Aff't, ¶ 4. Since October of 1977, he has limited his practice to primarily civil litigation and social security appeals. *Id.*

**5.** This adjustment is measured from the date of enactment of the EAJA, October 1, 1981, to October 1, 1987, roughly the date of the present motion. Between those dates, the index rose from 279.3 to 344.4, an increase of 23%. The Secretary contends that the baseline date for measuring an adjustment to the $75 per hour statutory cap should be 1985; i.e., the date of "reenactment" of the EAJA. The court disagrees and adopts the majority view that the baseline date is the date of enactment of the EAJA; i.e.,

1981. *See Wilkett v. I.C.C.,* 844 F.2d 867, 874–75 (D.C.Cir.1988); *Sierra Club v. Secretary of the Army,* 820 F.2d 513, 521–23 (1st Cir.1987); *Parks v. Bowen,* 839 F.2d 44, 46 (2d Cir.1988); *Allen v. Secretary of Health and Human Services,* 821 F.2d 963, 967 (3rd Cir.1987); *Baker v. Secretary of Health and Human Services,* 839 F.2d 1075, 1084 (5th Cir.1988). The only opinion supportive of the Secretary's position is that of the sixth circuit in *Chipman v. Secretary of Health and Human Services,* 781 F.2d 545, 547 (1986). This decision was reached without regard to legislative history, however, and several sixth circuit district courts have declined to follow it. *See, e.g. Holden v. Bowen,* 668 F.Supp. 1042 (N.D. Ohio 1986).

ment can only be made by focusing on the increase in the cost of living in the Atlanta metropolitan area since October of 1981. This finding is consistent with the legislative emphasis on "market rates" and "limited availability of qualified attorneys" in § 2412(d)(2)(A). *See Baker v. Secretary of Health and Human Services*, 839 F.2d 1075, 1085 (5th Cir.1988) (case remanded to chief judge of the N.D.Texas to determine increase in cost of living in Dallas area since October of 1981). The court agrees with the fifth circuit that

> Congress intended that the cost of living be seriously considered by the fee-awarding court. Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since 1981 *in a particular locale* that would justify an increase in the fee, then an increase should be granted. But the rule does not necessarily require that attorney's fees awards track the cost-of-living index *for the geographical area*. Although this indicator is certainly significant, it may not be conclusive; such a decision is within the discretion of the district court (emphasis supplied).

*Id.* at 1084. Accordingly, the court finds that plaintiff has failed to carry his burden of demonstrating his entitlement to a fee in excess of the statutory cap and thus overrules his objections to the Magistrate's report and recommendation as well.

## III. CONCLUSION.

In sum, the parties' objections are overruled. The Magistrate's report and recommendation is therefore received with approval and is hereby ADOPTED as the order and opinion of the court. Plaintiff is entitled to attorney's fees in the amount of $8145.00 plus costs in the amount of $90.20 for a total award of $8235.20.

SO ORDERED.