**Ralph DAMATO, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 90–1402.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1990.

Decided Oct. 10, 1991.

As Amended Jan. 6, 1992.

---

Frederick J. Daley (argued), Chicago, Ill., for plaintiff-appellant.

Ann L. Wallace, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Div., Gary A. Sultz (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Nancy K. Needles, Asst. U.S. Atty., Office of the U.S. Atty., Civil Div., Appellate Section, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, CUDAHY, and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Damato brought this action seeking attorney fees pursuant to 28 U.S.C. § 2412(d)(1) as the prevailing party in an action against the United States. The district court rejected the request for attorney fees, finding that the position of the United States was substantially justified. We affirm.

## I. BACKGROUND

Claiming an inability to work as a result of emphysema and bronchitis as well as poor circulation in his legs, Ralph Damato filed an application for Supplemental Security Income disability benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* on September 27, 1983. Upon denial of his application as well as a denial of his request for reconsideration, Damato petitioned for an administrative hearing. After a hearing, the Administrative Law Judge ("ALJ") determined that:

"[t]he claimant's past relevant work as a bartender was performed in a standing position and required lifting up to 2 pounds. His residual functional capacity permits the performance of this activity and he thus has the residual capacity to return to that work. Accordingly, the claimant is not disabled within the meaning of the Social Security Act."

Damato requested that the Social Security Administration's Appeals Council review the ALJ's decision. As additional evidence of permanent disability, Damato submitted a letter from the Illinois Department of Rehabilitation Services, dated one week after the ALJ's decision, which informed him that:

"It appears that your disability would cause you to have to miss too many days and would not allow you to be able to function for any real length of time during the day.

"After our interview with you on June 1, 1984, our Medical Consultant reviewed the case again and feels that you would not be capable of handling competitive employment.

"I am therefore closing your case with our agency."

The claimant further submitted two medical reports dated prior to the ALJ's decision. Upon considering the administrative record, the additional evidence and Damato's attorney's arguments to the Council, the Appeals Council rejected Damato's request for review:

"Social Security Administration regulations provide that the Appeals Council will grant a request for review where: (1) there appears to be an abuse of discretion by the Administrative Law Judge; (2) there is an error of law; (3) the Administrative Law Judge's action, findings, or conclusions are not supported by substantial evidence; or (4) there is a broad policy or procedural issue which may affect the general public interest. The regulations also provide that where new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Appeals Council finds that the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record....

"The Appeals Council has concluded that there is no basis under the above regulations for granting your request for review. Accordingly, your request is denied and the Administrative Law Judge's decision stands as the final decision of the Secretary in your case."

Thereafter Damato filed an action in the district court alleging that the decision of the ALJ was not supported by substantial evidence, and thus, the Appeals Council erred in denying the request for review. After both Damato and the Secretary filed their motions (fully briefed) for summary judgment, the case was assigned to a magistrate for a Report and Recommendation. The magistrate's Report and Recommendation stated that there was substantial evidence to support the Administrative Law Judge's decision. Nonetheless, the magistrate recommended that the claim be remanded on a ground not argued by Damato—that Damato was entitled to an explanation of why the Appeals Council rejected

the state agency's determination that Damato was unemployable. The magistrate acknowledged that "the Secretary is presumably not bound by the determination of the state agency," yet the magistrate believed that the Appeals Council was required to evaluate the factors upon which the state relied and articulate its reasoning for rejecting the same. The magistrate suggested that a remand was proper "for the limited purpose of determining whether plaintiff's impairments prevent him from meeting normal attendance requirements in the workplace." Neither party objected to the Report and Recommendation, and the district judge adopted it and remanded the claim "to the Secretary for further proceedings in accordance with the report and recommendation."

On remand, the ALJ held a supplemental hearing and received in evidence additional medical and vocational testimony. Upon review and after considering the new evidence, the ALJ found

> "that the claimant has been continuously disabled within the meaning of the Social Security Act since September 27, 1983 because his medical conditions prevented him from working regularly or on a sustained basis. This was the exact testimony of the medical advisor....

> "The medical advisor went on to say that the claimant should not be exposed to any smoking or alcohol. Even considering the prior hearing decision's exertional finding that the claimant could do light work and taking into further consideration these restrictions set forth by [the medical advisor], the vocational expert testified that the claimant would not be able to do his past job as a bartender or any other work. The medical advisor testified that in pulmonary diseases, alcohol aggravates the asthma. According to the vocational expert a bartender is regularly exposed to smoking. Thus, even if the claimant's pulmonary impairment [were not disabling], the claimant would still be precluded from engaging in substantial gainful activity.

> \*     \*     \*     \*     \*     \*

> "... Temporary disabling symptoms can make it impossible for a claimant to hold a job, if these symptoms can be expected to recur frequently disrupting work or forcing absences. This is the importance of the report from a rehabilitation counselor from the State of Illinois who wrote on August 7, 1984, that the claimant's disability would appear to cause him to miss too many days and would not allow him to be able to function for any real length of time during the day....

> "In closing, the undersigned Administrative Law Judge wishes to comment on the fact that had this evidence, as discussed in this decision, been available at the time of the prior hearing decision in July, 1984, it is likely that the delay in reaching a favorable ruling would never have happened."

The Appeals Council adopted the ALJ's recommended decision on December 19, 1988. Almost two months later on February 16, 1989, Damato filed a motion in the district court for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) on the ground that the Appeals Council erred as a matter of law in failing to articulate its reasons for not accepting the Illinois Department of Rehabilitation Services' conclusion that Damato was permanently disabled. The government objected to awarding attorney fees, arguing that the Appeals Council was substantially justified in refusing to review the ALJ's initial decision without specifically articulating its reasoning. The district court rejected Damato's request for attorney fees, as it found that "the position taken by the Secretary throughout both the administrative and judicial proceedings was substantially justified."

## II.   ISSUES

The two issues presented upon review are: 1) Whether Damato's motion for attorney fees under the EAJA was untimely filed, thus depriving the district court of jurisdiction; and 2) Did the district court abuse its discretion in holding that the Appeals Council need not articulate its reason-

ing for finding additional evidence unpersuasive when denying a request for review of an ALJ's decision.

## III. JURISDICTION

▇▇▇ In order to invoke the subject matter jurisdiction of the district court for attorney fees under the EAJA, the party seeking fees must file its application "within 30 days of the final judgment in the action...." 28 U.S.C. § 2412(d)(1)(B). *Cf. United States v. J.H.T. Inc.*, 872 F.2d 373, 375 (11th Cir.1989); *Olson v. Norman*, 830 F.2d 811, 821 (8th Cir.1987); *Allen v. Secretary of Health & Human Services*, 781 F.2d 92, 94 (6th Cir.1986). Citing *Melkonyan v. Heckler*, 895 F.2d 556, 559 (9th Cir.1990), the Secretary argued in his brief that the Appeals Council's decision of December 19, 1988, granting benefits to Damato was the "final judgment" for purposes of the EAJA, and therefore, the February 16, 1989 request for attorney fees was untimely. This Court recently followed the Ninth Circuit's decision in *Melkonyan* to hold that a decision of the Appeals Council granting the benefits a claimant sought was a final judgment as defined in Section 2412(d)(2)(G)[1] in *Jabaay v. Sullivan*, 920 F.2d 472, 473 (7th Cir.1990). After the Supreme Court granted certiorari in *Melkonyan*, we entered an order February 12, 1991, holding Damato's appeal in abeyance pending the Supreme Court's disposition. On June 10, 1991, the Supreme Court held that:

> "Congress' use of 'judgment' in 28 U.S.C. § 2412 refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."

*Melkonyan v. Sullivan*, —— U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991) (emphasis original). Since the Supreme Court specifically rejected the Secretary's assertion that an administrative agency's decision constitutes a "final judgment" under 28 U.S.C. § 2412(d)(1)(B), the Secretary's untimeliness argument based on the Appeal Council's decision of December 19, 1988 fails.

▇▇ At oral argument the government asserted, in the alternative, that the district court's judgment of January 27, 1987, remanding the claim to the Secretary for further proceedings was the "final judgment" for Section 2412(d)(1)(B) purposes. Whether the judgment remanding a case to the Secretary is a "final judgment" depends upon the nature of the remand pursuant to 42 U.S.C. § 405(g). As the Supreme Court held in *Melkonyan*, there are two and *only two* kinds of remands permissible under Section 405(g):

> "Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier. Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's authority to enter remand orders to these two types."

*Melkonyan v. Sullivan*, —— U.S. at ——, 111 S.Ct. at 2164 (footnote omitted). At oral argument the Secretary contended that we are dealing with a sentence four remand, in which "the filing period [for EAJA attorney fees] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id.* at ——, 111 S.Ct. at 2165. It is clear from the face of the district court's judgment, however, that the

---

**1.** 28 U.S.C. § 2412(d)(2)(G) states that "'final judgment' means a judgment that is final and

not appealable, and includes an order of settlement...."

court did not remand under sentence four of Section 405(g): "The Court hereby adopts the magistrate's recommendation and remands this action to the Secretary for further proceedings in accordance with the report and recommendation." Since the judgment neither affirmed, modified, nor reversed the decision of the ALJ, it was not a remand under sentence four of Section 405(g) and cannot constitute a "final judgment" pursuant to 28 U.S.C. § 2412(d)(2)(G).[2]

The Secretary further argued before us that if we are dealing with a remand under sentence six of Section 405(g), Damato's request for fees was premature, as a separate judgment regarding the final disposition of Damato's claim has not been entered in the district court. In *Melkonyan,* the Supreme Court expressly declined to decide the question of whether a claimant could request attorney fees under Section 2412 prior to entry of judgment, since the answer would not have affected the issue of whether Melkonyan was entitled to attorney fees. *See Melkonyan,* — U.S. at —, 111 S.Ct. at 2165. Likewise, in view of our holding *infra* that the Appeals Council was substantially justified in denying review of Damato's claim, the issue of whether Damato applied for attorney fees prematurely is immaterial. Thus, we need not decide whether the application for attorney fees was premature.[3]

## IV. SUBSTANTIALLY JUSTIFIED

■■■■ Under 28 U.S.C. § 2412(d)(1)(A), a party, such as Damato, who prevails against the government in a suit over Social Security Benefits is entitled to attorney fees incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988). We review a district court's finding of substantial justification, or the lack thereof, for abuse of discretion. *See Pierce,* 487 U.S. at 559, 108 S.Ct. at 2547.

Damato focuses our attention on one narrow aspect of the processing of his claim— the Appeals Council's denial of his request for review of the ALJ's decision without articulating its reasons for finding the Illinois Department of Rehabilitation Services' letter unpersuasive. Pursuant to 28 U.S.C. § 2412(d)(1)(B), conduct at the administrative level is relevant to the determination of substantial justification:

> "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."

*See also Gotches v. Heckler,* 782 F.2d 765, 767 (7th Cir.1986) ("Not only the govern-

---

**2.** Moreover, Damato did not become the "prevailing party" as required under Section 2412 until after further proceedings at the administrative level. Thus, it would have been pointless for Damato to request EAJA attorney fees at the time of remand.

**3.** It is questionable whether the district court possessed the authority to remand this case to the Secretary in accordance with the magistrate's recommendation because, as recited above, 42 U.S.C. § 405(g) provides for only two types of remands. *See Melkonyan,* — U.S. at —, 111 S.Ct. at 2163. Since we have determined that this claim was not remanded under sentence four of Section 405(g), the remaining alternative is sentence six. "Under sentence six, the district court may remand in light of additional evidence without making any substantive

ruling as to the correctness of the Secretary's decision, *but only if the claimant shows good cause for failing to present the evidence earlier."* *Melkonyan,* — U.S. at —, 111 S.Ct. at 2164 (emphasis added). The Illinois Department of Rehabilitation Services letter upon which the district judge relied for remanding the claim to the Secretary was based upon information contained within the administrative record. Damato neither claimed that the report was new evidence nor did he claim that there was good cause for failing to present evidence of his inability to work regularly to the ALJ. But since the Secretary acquiesced in the magistrate's recommendation for remand, the issue of whether it was within the district court's authority to remand the case is not before us.

ment's *litigating position* but also its position with respect to the original government *action which gave rise to the litigation* must be considered"). The government argues that even if the Appeals Council's conduct were unjustified, Damato would not be entitled to attorney fees because the government's position was justified "in the main," *see Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550, that is, it was correct on most of the issues. It is unnecessary for us to address the issue of whether being correct on most of the issues can make the Secretary's position substantially justified, since, as we hold *infra*, the district court did not abuse its discretion in finding that the Appeals Council may deny review of an administrative law judge's decision without articulating its reasons.

■ Damato argues that the district court abused its discretion in "repudiat[ing] its decision in the underlying case while performing an EAJA analysis." In her Report and Recommendation, the magistrate relied upon *Zblewski v. Schweiker*, 732 F.2d 75, 78–79 (7th Cir.1984), for the proposition that "[t]he failure to articulate reasons for rejecting an important piece of evidence is grounds for remand." Although the district court adopted the magistrate's Report and Recommendation without modification,[4] in rejecting Damato's application for EAJA fees, the district court held that neither the regulations nor case law require the Appeals Council to articulate its reasoning for rejecting evidence when denying a request for review of an ALJ's decision. Damato relies upon a D.C. Circuit case, *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.C.Cir. 1986), for the proposition that in considering an application for attorney fees under the EAJA, "[t]he Court may not engage in *post hoc* repudiations of its holding in the case in chief." *Rose* fails to support this proposition, and we are unaware of any

rule of law that prevents a district court from timely correcting an error in a prior decision. Thus, we are of the opinion that it was proper for the district court to review the legal basis for the remand in a timely manner in order that she might determine whether the government's position was substantially justified.[5]

■ The regulation applicable to the Appeals Council review of the decision of an Administrative Law Judge states that "[i]n reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence...." 20 C.F.R. § 416.1470(b). Damato interprets this regulation as imposing a duty on the Appeals Council "to articulate its consideration of the additional evidence" when it denies a request for review. The appellant has misconstrued the effect of the regulation, for it requires consideration of additional evidence when the Appeals Council *grants* review. The rationale for requiring articulation of the Secretary's assessment of evidence is "to permit an informed review" in the Appeals Court. *Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir.1986). When the Appeals Council *denies* review in accordance with its discretion under 20 C.F.R. § 416.1467, the rationale for requiring articulation of its reasoning is absent, since the denial is not subject to judicial review—if the Appeals Council *denies* a request for review, the ALJ's decision becomes the final decision of the Secretary, *see* 20 C.F.R. § 416.1481, and judicial review is available only for final decisions of the Secretary. *See Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). The cases that Damato cites for the proposition that the Appeals Council must articulate its reasons for rejecting evidence when denying review are inapposite, for they relate to final decisions

4. There was little reason to reject or modify it, as neither party raised an objection to the Report and Recommendation when it was submitted to them.

5. Damato argues for the first time in his reply brief that the government's failure to object to the magistrate's Report and Recommendation

prevents it from arguing now that its position in the administrative proceedings was substantially justified. We refuse to address this argument, for "[a]rguments that are raised for the first time in a reply brief are waived." *Ippolito v. WNS, Inc.*, 864 F.2d 440, 455 n. 12 (7th Cir. 1988).

of the Secretary, whether rendered by an ALJ or an Appeals Council. *See Zblewski v. Schweiker*, 732 F.2d at 78–79 (decision of ALJ constituting the Secretary's final decision failed to explain why he rejected certain evidence); *Ray v. Bowen*, 843 F.2d 998, 1003 (7th Cir.1988) (Appeals Council failed to address material evidence in its final decision); *Bauzo v. Bowen*, 803 F.2d at 923 (Appeals Council's final decision must be stated in a manner sufficient to permit an informed review). Since the Appeals Council's denial of a request for review is not subject to judicial review and the applicable regulations do not require an explanation of the grounds for rejection, we hold that the Appeals Council may deny review without articulating its reasoning. Thus, the Secretary's position was substantially justified.[6]

Finally, Damato argues that finding the Appeals Council's failure to articulate its reasons for rejecting the additional evidence substantially justified frustrates the purpose of the EAJA. He argues that "[i]n SSI cases, like the instant case, the Act does not provide for withholding retroactive benefits to pay counsel directly. Therefore, counsel's *only* compensation for successful litigation in court is through the EAJA." (Emphasis original). While the EAJA may be the only governmental source of compensation available to counsel in Supplemental Security Income benefits cases, the lack of governmental compensation in this case does not frustrate the purpose of the Equal Access to Justice Act because the government's position is substantially justified.

"In 1980, Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.' 94 Stat. 2325....

"The EAJA was designed to rectify this situation by providing for an award of a reasonable attorney's fee to a 'prevailing party' in a 'civil action' or 'adversary adjudication' unless the position tak-

en by the United States in the proceeding at issue 'was substantially justified'...." *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989). Since the United States' position is substantially justified, there is no "unreasonable governmental action" justifying the award of EAJA fees in this case.

## V. CONCLUSION

We hold that the Appeals Council was substantially justified in rejecting Damato's "additional evidence" without articulating its reasoning because the issue of whether to grant or deny review of an ALJ's decision is discretionary as well as unreviewable, and the regulations do not require an explanation for the Appeals Council's action. The decision of the district court denying Damato's motion for EAJA attorney fees is

AFFIRMED.

---

**6.** While we hold that the Secretary's position was substantially justified, we neither encourage denying requests for review without articulating the reasoning nor approve of the same. In fact, in all fairness to the party appealing the ALJ's decision, the Appeals Council should articulate its reasoning when denying the request. Congress might consider requiring such articulation.