William E. YOUNG, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 91–3115.

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1992.

Decided Aug. 14, 1992.

Deborah Spector (argued), Ellyn Hershman, Patricia K. Best, Spector & Lenz, Chicago, Ill., for plaintiff-appellant.

Michael C. Messer (argued), Edward P. Studzinski, Dept. of Health and Human Services, Region V, Office of Gen. Counsel, James J. Kubik, Asst. U.S. Atty., Office of U.S. Atty., Civ. Div., Appellate Section, Chicago, Ill., for defendant-appellee.

Before MANION and KANNE, Circuit Judges, and LEE, District Judge.*

WILLIAM C. LEE, District Judge.

Young brought this action seeking attorney fees pursuant to 28 U.S.C. § 2412(d)(1) as the prevailing party in an action against the United States. The district court rejected the request for attorney fees, finding that the position of the United States was substantially justified. We affirm.

## I. BACKGROUND

On April 22, 1986, William E. Young applied for Supplemental Security Income disability benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging that he was disabled due to alcoholism, asthma, and drug addiction. Upon denial of his application as well as a denial of his request for reconsideration, Young petitioned for an administrative hearing. After a hearing, the Administrative Law Judge ("ALJ") determined that:

The medical evidence establishes that the claimant has severe bronchial asthma, chronic obstructive pulmonary disease, essential hypertension, chronic alcoholism, and anti-social personality disorder, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

\* \* \* \* \* \*

Although the claimant's additional non-exertional limitations do not allow him to perform the full range of medium work, using the above-cited rules as a framework for decisionmaking, there are a significant number of jobs in the national economy which he could perform.

The Social Security Administration's Appeals Council denied Young's Request for Review and Young then filed an action in the district court. Both parties filed motions for summary judgment and the case was assigned to Magistrate Judge James T. Balog for a Report and Recommendation. The Magistrate Judge's Report and Recommendation stated:

The plaintiff in this case finds fault with the ALJ's treatment of plaintiff's non-exertional impairments stemming from his alcoholism and personality disorder. This magistrate must agree that the portion of the ALJ's decision dealing with these issues is troubling. The ALJ specifically found that the plaintiff suffered from alcoholism and an antisocial personality disorder. The vocational expert testified that each of these impairments would substantially limit the number of medium work jobs plaintiff could perform. The ALJ failed to address this evidence in his opinion. (R. 15). Because of this omission, the ALJ's use of the Medical Vocational Guidelines ("Grid")—even as a framework—was improper.

\* \* \* \* \* \*

The ALJ's opinion does not indicate the basis of the finding that plaintiff's non-exertional impairments do not significantly limit the available work he is capable of performing—a finding implicit in the ALJ's use of the Grid as a framework. As such, the ALJ's decision is not supported by substantial evidence. Because the province of fact-finding is not within this court's scope of review, however, this action must be remanded to the Secretary for a determination as to the availability of work plaintiff can perform given his non-exertional impairments.

Magistrate Judge Balog's Report and Recommendation at 7, 8.

Neither party objected to Magistrate Judge Balog's Report and Recommendation, which was adopted by Judge Aspen on July 12, 1989.

Pursuant to the district court's remand order, another hearing was held before the ALJ. At this hearing a psychologist, Dr.

---

\* The Hon. William C. Lee, of the Northern District of Indiana, is sitting by designation.

Ivey, was present as a medical advisor retained by the Social Security Administration. Dr. Ivey expressed the opinion that Young's mental impairments had met Listings 12.08 and 12.09 of 20 C.F.R., Pt. 404, Subpart P, Appendix 1, for the past two years and that, prior to that time, Mr. Young would at best have had a marginal ability to work, if at all. On October 1, 1990, the ALJ issued a decision which found that Mr. Young had been continuously disabled since the date of his application for SSI on the basis of his nonexertional impairments: "alcohol and opioid abuse, a personality disorder, and psychosocial stresser." The Appeals Council did not review the ALJ's favorable decision, which became the final decision of the Secretary after 60 days.

On December 28, 1990, plaintiff's attorneys filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The defendant opposed such an award on the basis that his position in this matter was substantially justified. Magistrate Judge Bernard Weisberg issued a Report and Recommendation on June 28, 1991, denying petitioner's application for EAJA fees. Magistrate Judge Weisberg stated:

> On these facts we are not persuaded by Young's argument that the ALJ ignored uncontradicted testimony by the vocational expert. We think rather that the Secretary could reasonably defend the ALJ's failure to find the facts which were assumed to be true in the first two hypothetical questions answered by the vocational expert, i.e. that Young did not have the specific non-exertional limitations described in those questions, and the ALJ's evaluation of the functional significance of Young's anti-social personality disorder.
>
> We conclude, therefore, that the Secretary's position in this case was substantially justified and recommend that plaintiff's petition for EAJA fees be denied.

Petitioner objected to the Report and Recommendation and Judge Aspen overruled petitioner's objections on July 12, 1991. This appeal followed.

## II. ISSUES

The two issues presented upon review are: 1) Whether Young's motion for attorney fees under the EAJA was untimely filed, thus depriving the district court of jurisdiction; and 2) Whether the district court abused its discretion when it determined that the Secretary's position was substantially justified.

## III. JURISDICTION

■ To invoke the subject matter jurisdiction of the district court for attorney fees under the EAJA, the party seeking fees must file its application "within 30 days of the final judgment in the action...." 28 U.S.C. § 2412(d)(1)(B). The Secretary claims that the district court issued its final judgment in this action, finding the Secretary's decision unsupported by substantial evidence, on July 12, 1989 and this order became non-appealable on September 10, 1989. Young then had 30 days, or until October 10, 1989, to file an application for attorney fees under the EAJA. Young did not file an application until December 28, 1990, and thus the Secretary concludes that the application for fees was not timely filed and the district court lacked jurisdiction to consider it. The Secretary cites *Melkonyan v. Sullivan,* —— U.S. ——, ——, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991), in support of his position.

Judge Aspen's order of July 12, 1989 adopted Magistrate Judge Balog's recommendation that the case be remanded to the Secretary for additional findings. We must decide whether this remand order was the "final judgment" for Section 2412(d)(1)(B) purposes. This determination depends upon the nature of the remand pursuant to 42 U.S.C. § 405(g).

There are only two kinds of remands permissible under § 405(g):

> Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without mak-

ing any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier. Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's authority to enter remand orders to these two types.

*Melkonyan v. Sullivan,* —— U.S. at ——, 111 S.Ct. at 2164 (footnote omitted). The Secretary contends that Young's action was remanded pursuant to sentence four because the district court reviewed the merits of the Secretary's decision and determined that the decision was not supported by substantial evidence. Essentially, the Secretary is arguing that the district court reversed the decision of the Secretary. However, nothing in Judge Aspen's Order of July 12, 1989, indicates that the district court intended to reverse the Secretary's decision. The Order merely states that "this Court adopts Magistrate Balog's Report and Recommendation and, for the reasons set forth therein, remands this case to the Secretary for further proceedings." As noted earlier, Magistrate Balog recommended that the case be remanded so that the Secretary could make additional findings since the Secretary had failed to address the vocational expert's testimony. Furthermore, neither party's motion for summary judgment was granted, indicating that the district court did not affirm, modify, or reverse the Secretary's decision. Thus, we conclude that the remand order of July 12, 1989, was not a sentence four remand, and, consequently, was not a "final judgment."

■ Next, we must consider whether the remand order in this case was a sentence six remand. Sentence six of § 405(g) provides in pertinent part:

The court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

In *Melkonyan,* the Supreme Court distinguished a sentence six remand from a sentence four remand as follows:

The sixth sentence of § 405(g), as we explained in [*Sullivan v.*] *Finkelstein* [496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)], "describes an entirely different kind of remand." *Id.,* at [626], 110 S.Ct., at 2664. The District Court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. *Ibid.*

*Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2163.

The Secretary argues that it is beyond question that in this case the district court reviewed the correctness of the Secretary's decision, found the decision to be erroneous, and concluded that "the ALJ's decision is not supported by substantial evidence." The Secretary concludes that the remand entered in this case could not have been a sentence six remand. Petitioner, however, argues that the remand order was neither a sentence four nor a sentence six remand, but that there is no issue as to the district court's authority to have issued the remand order since the Secretary acquiesced in the Magistrate Judge's Report and Recommendation by failing to object. *Damato v. Sullivan,* 945 F.2d 982, 987 n. 3 (7th Cir. 1991).

In the case at bar, neither party claimed that they had new evidence to present, nor did either party show that there was good cause for failing to present the testimony of a medical advisor. In these circumstances, we are reluctant to find that the remand in this case was a sentence six remand. In *Melkonyan,* the Supreme Court, after analyzing the legislative history of § 405(g), concluded that:

It is evident from [the legislative history] that Congress believed courts were

often remanding Social Security cases without good reason.

\*　\*　\*　\*　\*　· \*

[W]e conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six.

*Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2165.

It is clear that in this case the requirements outlined in sentence six were not complied with. At the time of ordering the remand the district court did not find that new evidence had come to light or that there was "good cause" for considering new evidence. Rather, the district court remanded so that the ALJ could properly address the evidence that was already in the record. However, the district court did not issue its remand order in accordance with sentence four either, since the district court's remand order did not accompany a final judgment affirming, modifying, or reversing the Secretary's decision. Thus, the district court's remand order left open the possibility that further findings would support the ALJ's conclusions and warrant the affirmance of his decision. Consequently, as the remand order was neither a sentence four remand, nor a sentence six remand, it appears that the district court did not have the authority to remand this case to the Secretary in accordance with Magistrate Judge Balog's Report and Recommendation because, as noted earlier, § 405(g) provides for only two types of remands. Nevertheless, as we stated in *Damato*, when the Secretary acquiesces in the Magistrate Judge's recommendation for remand, the issue of whether it was within the district court's authority to remand the case is not before us.

In summary, we conclude that Judge Aspen's order of July 12, 1989 was not the "final judgment" in this action. The final judgment in this case was the ALJ's October 1, 1990 decision which became nonappealable after 60 days. Petitioner then had 30 days thereafter to file her application for attorney fees. Petitioner filed her application on December 28, 1990, well within the statutory time limit. Consequently, the court finds that petitioner's application for attorney fees was timely filed.

## IV. SUBSTANTIAL JUSTIFICATION

Under 28 U.S.C. § 2412(d)(1)(A), a party who prevails against the government in a suit over Social Security Benefits is entitled to attorney fees incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The government's position can be justified even though it is not correct and it can be substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988). We review a district court's finding of substantial justification, or the lack thereof, for abuse of discretion. *See Pierce*, 487 U.S. at 559, 108 S.Ct. at 2547.

Young claims that no new evidence relating to his condition between April 1986 and June 1988 was entered into the record upon remand. Thus, Dr. Ivey's opinion as to the effect of Young's non-exertional impairments on his ability to perform work activities during the period April 1986 to early 1988, was based solely upon evidence which was available to the ALJ at the time of his original unfavorable decision. Young concludes that Dr. Ivey's testimony established that the Secretary's position had no reasonable basis in fact.

The Secretary, however, argues that the ALJ's second opinion was based on new evidence because Dr. Ivey's testimony at the subsequent hearing was medical evidence that permitted the ALJ to credit the vocational expert's testimony concerning limitations in available work. We agree with the Secretary that Dr. Ivey's testimony constituted new evidence. We acknowledge a district court opinion, *Peterson v. Bowen*, 706 F.Supp. 871, 874 n. 3 (N.D.Ga.

1988), which held that the Secretary's position was not substantially justified because the Secretary's second decision in plaintiff's favor was based on substantially the same objective medical evidence available to the Secretary at the time of his first decision, but, as a result of the testimony of a medical advisor, the Secretary was able to understand the medical evidence at the second hearing. We find the *Peterson* holding, which is not supported by any authority, to be unpersuasive. Clearly, Dr. Ivey's testimony was new evidence even though he testified about evidence that was already in the record. Perhaps, as the Secretary seems to suggest, Dr. Ivey was a much more credible witness than the vocational expert, and thus, weighing the testimony of the two witnesses together, the ALJ found it warranted to decide in favor of the plaintiff.

The petitioner also argues that the district court's findings constitute an abuse of discretion because they are inconsistent with the district court's remand order, the facts and the law. Petitioner claims that the district court could not have found that the Secretary's initial position was substantially justified because the remand order was based on clear legal error by the ALJ because the ALJ did not address the vocational expert's uncontradicted testimony. Petitioner then asks this court to assume that a clear legal error by the ALJ is evidence that substantial justification is lacking. Under the facts in this case, we are unconvinced that the ALJ committed a clear legal error. As the Secretary argues, the ALJ had already rejected the basis of the vocational expert's testimony in that he had already found that Young's alcoholism had not been incapacitating and that Young had been able to cooperate with everyone during the course of these proceedings and had always acted appropriately.

■ Petitioner counters the Secretary's contention with the argument that the ALJ's findings that Young was not incapacitated and was able to fend for himself was an improper medical opinion. Petitioner cites *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir.1985), in support of her position. In *Rousey*, we held that the ALJ improperly made his own medical determination regarding the prognosis of recovery should the plaintiff in that case stop smoking, when the record was devoid of any evidence that the plaintiff could return to work if she quit smoking. The facts of this case are strikingly dissimilar because in this case the ALJ based his conclusions on evidence that was properly in the record. An ALJ is permitted to rely on his own observations of the plaintiff when assessing the credibility of the testimony and other evidence which is before him. *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982); *Bibbs v. Secretary of Health, Education & Welfare*, 626 F.2d 526, 528 (7th Cir.1980) (per curiam). In this case, the ALJ merely weighed the vocational expert's testimony with his own observations of the plaintiff and concluded that the basis of the vocational expert's testimony was not credible. Under these circumstances, the Court finds that the ALJ's opinion was reasonable even though he improperly failed to make specific findings in his written opinion regarding the vocational expert's testimony. Consequently, the Court finds that the district court did not abuse its discretion when it held that the Secretary's position was substantially justified and denied petitioner's application for attorney fees.

## V. CONCLUSION

After reviewing the position of the Secretary during the administrative review, before the district court, and again before the agency on remand, we find that the position of the Secretary was substantially justified. We hold that the district court did not abuse its discretion in determining that the government's position regarding Young's claim was justified to a degree that could satisfy a reasonable person. Therefore we AFFIRM the district court's denial of fees pursuant to 28 U.S.C. § 2412(d)(1)(A).