106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rosie WILDER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Defendant-Appellee.
 No. 96-2353.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 26, 1996.*
Decided Jan. 27, 1997.
 
 Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.
 ORDER
 In Wilder v. Chater, 64 F.3d 335 (7th Cir.1995), we reversed the denial of Rosie Wilder's claim for disability insurance benefits and remanded for further consideration. Ms. Wilder subsequently filed a petition for fees under the Equal Access to Justice Act (EAJA). The district court denied the petition, and Ms. Wilder appealed. We affirm.
 
 
 1
 We review a district court's EAJA decision for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 562 (1988); Jackson v. Chater, 94 F.3d 274, 278 (7th Cir.1996). To avoid an award of fees, the government must prove that its position was "substantially justified." Jackson, 94 F.3d at 278. "Substantially justified" means that a position is "justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Id. (quoting Pierce, 487 U.S. at 565). "The government's position can be justified even though it is not correct and it can be substantially justified 'if a reasonable person could think it correct, that is, if it has a reasonable basis in law or fact.' " Young v. Sullivan, 972 F.2d 830, 835 (7th Cir.1992) (quoting Pierce, 487 U.S. at 566 n. 2). "The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir.1994).
 
 
 2
 Wilder urges this court to adopt the reasoning expressed in Flores v. Shalala, 49 F.3d 562, 572 (9th Cir.1995), that the Secretary must be "substantially justified in her position with respect to the procedural errors that led to remand " (emphasis added). This circuit, however, has clearly adopted a "totality of the circumstances" test. See Jackson, 94 F.3d at 279-80 ("The government may have been incorrect in advocating the position ... in light of the conflicting information in these two sources. However, being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."); Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994); Cummings v. Sullivan, 950 F.2d 492, 495-97 (7th Cir.1991).
 
 
 3
 Here, having examined the totality of the circumstances, we are not convinced that it was an abuse of discretion for the district court to find substantial justification in the government's position. As we recognized in our opinion, this is a "difficult and unusual case." The record was far from clear; although that circumstance led to our remand, it does not indicate that the government was not justified in defending the ultimate decision to deny benefits, given our recognition that the Secretary's position was "commensensical" and our acknowledgment that it was the ultimate decision of the Administrative Law Judge to weigh the evidence and decide whether to grant Wilder benefits. See Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir.1992). Given the ambiguities of this case, the government had a rational ground for thinking it was rational to defend the Secretary's denial of benefits.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)