[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 99-1874

VELIA CICCARIELLO,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Michael James Kelley on brief for appellant.
Donald K. Stern, United States Attorney, and Rayford A.
Farquhar, Assistant U.S. Attorney, on brief for appellee.

---

May 4, 2000

---

**Per Curiam**. Claimant Velia Ciccariello appeals a district court order that upheld the denial of her claim for Social Security disability benefits. Although claimant had moved the district court to remand her case to the Commissioner under 42 U.S.C. § 405(g), sentence six, the district court ruled that the claimant had failed to adduce "new" and "material" evidence and denied her motion to remand while holding that the Commissioner's decision was supported by substantial evidence. Claimant now maintains that both the district court and the Appeals Council erred by declining to remand her case to the ALJ. She further argues that the ALJ's decision is not supported by substantial evidence. Having thoroughly reviewed the record and the parties' briefs on appeal, we are disposed to affirm for the following reasons.

First, we conclude that the district court did not err by denying claimant's motion to remand. Even if the evidence that claimant submitted to the Appeals Council was new and material (a matter we need not decide in light of our disposition), it is clear that the claimant failed to establish the "good cause" required to justify a remand

under 42 U.S.C. § 405(g), sentence six.[1]  "Congress plainly intended that remands for good cause should be few and far between...."  Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 141 (1st Cir. 1987).  Virtually all of the medical records that claimant submitted to the Appeals Council were in existence long before the date of her administrative hearing.  Yet both below and on appeal, claimant's counsel has offered only personal unsworn assertions that these late-submitted medical records were previously unavailable because of the poor record-keeping of claimant's medical providers.  It is well established in this circuit that this is not enough.  See, e.g., Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 n. 2 (1st Cir. 1988); cf. Blackburn v. Heckler, 615 F. Supp. 908, 914 (D.C. Ill. 1985)(finding "good cause" where counsel submitted affidavit to support allegations of unavailable medical records).  Since claimant failed to submit any proof to support her

---

[1]In relevant part, the sixth sentence of 42 U.S.C. § 405(g) provides that:

> The court may ... at any time order additional evidence to be taken before the Commissioner ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

"good cause" claim, there was no error in the denial of her motion to remand.[2]

Claimant has waived her contention that the ALJ's decision is not supported by substantial evidence by failing to raise this argument below. See Evangelista, 826 F.2d at 143. Her arguments that the Appeals Council erred by failing to state the basis of its decision denying claimant's request for review and by failing even to review her late-submitted evidence similarly have been waived. We note, however, that the record clearly establishes that the Appeals Council reviewed claimant's additional evidence and that the Appeals Council was not required to explain the basis of its decision denying review. See Perkins v. Chater, 107 F.3d 1290, 1293-94 (7th Cir. 1997); Damato v. Sullivan, 945 F.2d 982, 988 (7th Cir. 1992).

In view of the foregoing, the judgment of the district court is affirmed. See Local Rule 27(c).

---

[2]We do not suggest that the allegations about the poor record-keeping of claimant's medical providers are false. We simply emphasize that unsworn allegations do not constitute the proof required by the good cause standard.

-4-